

# NUMBER 13-14-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RANDALL BOLIVAR,**                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

## On appeal from the 107th District Court
## of Cameron County, Texas.

# ORDER

### Before Justices Garza, Benavides, and Perkes
### Order Per Curiam

On August 25, 2015, appellant filed a pro se "Notice of Objection to Appellate Court Clerk's Letters of Denial of Motions Properly Submitted and Pending Before This Honorable Court." In this notice, appellant asserts that his filing is to not be construed as a motion, but instead an "explicit assertion and invocation of his right to challenge and object to the Clerk's Letters of Denial since the Clerk has absolutely no authority to deny

any Motions Properly Submitted and Pending Before This Honorable Court." We find it necessary to address such a blatantly erroneous assertion advanced by appellant. As we have stated before, all notice letters signed by the Clerk of this Court, and referenced by appellant in his August 25, 2015 notice, embody rulings made by a full panel of the Court, not of the clerk. As such, they should be treated as lawful orders of this Court with binding legal effect. *See* TEX. R. APP. P. 10.4; *see also* TEX. GOV'T CODE ANN. § 21.001(a) (West, Westlaw through Ch. 46, 2015 R.S.) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."). Any conclusion by the appellant to the contrary is unpersuasive, meritless, and will not be given any credence by this Court. We will, by all powers necessary, ensure that all orders issued by this Court are properly followed by all parties within our jurisdiction.

Additionally, on August 25, 2015, appellant filed a "Demand for Strict Adherence to TRAP Rule 38.8(b)." In this filing, which we construe as a motion for access to the complete clerk's record in this case, appellant again asserts that he has not received a "complete record" to allow him to timely file his brief, as this Court has previously ordered. In support of this motion, appellant points to several affidavits in which he claims that he has not received the complete clerk's record. While we offer no opinion as to the veracity of appellant's assertions, in the interest of justice, we GRANT appellant's motion for access to the complete clerk's record in this case. Accordingly, we order the Clerk of this Court to send appellant, contemporaneous with this order, copies of: (1) Volume 001 of the Clerk's Record filed on May 28, 2014; and (2) the Supplemental Clerk's Record filed on March 20, 2015 via U.S. Certified Mail, return receipt requested. Appellant has

previously received a complete copy of the reporter's record in this case, as well as a copy of the supplemental reporter's record and supplemental clerk's record related to the March 18, 2015 hearing held in the trial court. Therefore, with today's order, appellant has a complete copy of the record in this case.

Appellant shall file his pro se brief with the Clerk of this Court within forty five days of receiving this order and corresponding record. The State shall file its response brief within 30 days of appellant filing his pro se brief with the Clerk of this Court. If this Court does not receive appellant's brief as ordered, we will *sua sponte* withdraw our previous order on June 5, 2015 striking appellant's brief filed by his previous court-appointed counsel, consider it filed, and will submit the appeal for further review by this Court.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
27th day of August, 2015.

3